*995 OPINION.
MuRDOCK:
It is well settled that capital stock of a corporation received by an individual as compensation for services rendered is taxable as income only to the extent of its fair market value at the time received. Appeal of William J. Conlen, 1 B. T. A. 472; Appeal of James R. Lister, 3 B. T. A. 475; Appeal of Roscoe H. Aldrich, 3 B. T. A. 911.
We do not understand that the respondent questions this principle, but he contends that the petitioner is estopped from setting up the fair market value for .income-tax purposes because of a return made in 1920 by the corporation of which he was president at the time, claiming the par value of the stock paid to the petitioner at $100 per share as a deduction from income and as an addition to invested capital, and because of a protest filed by the corporation to the act of the Commissioner in disallowing the deduction of $100 and fixing the par value at $50 per share. However, the corporate return was not offered in evidence, and we do not know who made it or what it contained. The protest was offered in evidence by the respondent and contains the following significant language:
(Page 6.) The taxpayer submits that the Treasury made this adjustment due to the absence of all pertinent facts and for that reason the taxpayer now submits such facts. On July 1, 1920, in accordance with the resolution of the stockholders of the General Optical Company, the par value of the common stock was changed from $100 to $50 a share and two shares of new common stock were issued in exchange for each share of old, common stock.
(Page 11.) In Exception No. 2, it is shown that the common stock paid to Mr. Chas. R.. Johnson for services rendered was of the old issue of common stock of the par value of $100 a share and not of the new issue of the par value of $50 a share. Accordingly, the value of $26,900 should he allowed in invested capital from March 31, to the end of the year (including date of change) or 276 days. 276/366ths of $26,900, equals $20,285.25.
■Therefore, it nowhere appears in the evidence that the petitioner had any connection with the corporate return or with the protest, or that the corporation has made any claim with respect to market *996 value, its sole contention being that the Commissioner had made a mistake of fact in fixing the par value at $50, whereas, in fact, such value was $100 per share.
Thus certain essential elements of estoppel are lacking. The representation was that of the corporation and so far as the evidence goes, the petitioner had no part in the preparation of the corporate return or the protest. There was no misrepresentation of fact and there was nothing contained in the protest which was calculated to deceive the Commissioner into believing that the market value as distinguished from the par value amounted to $100 per share. Finally it has not been shown that the Commissioner in allowing the deduction from corporation income had fixed a price of $100 per share as representing the market value.
The fair market value of $20 per share was shown satisfactorily by the evidence of the only brokers who dealt in the stock and who gave the only sale among their records at the time of the transfer or within six months prior thereto, and who also gave the quotations as of the month in which this stock was transferred. This value was not inconsistent with the evidence brought before us, showing the financial condition of the company, its prospects and the number and amount of dividends paid upon the stock.

Judgment will be entered on notice of 15 days, under Rule 50.

Considered by Trammell, MoeRis, and SieekiN.